UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
RASHIID MONROE and JACQUELYN MAPLES, :
: 11CV7399(JPO)
                Plaintiffs, :
: COMPLAINT AND
     - against - : DEMAND FOR JURY TRIAL
:
: ECF CASE
THE CITY OF NEW YORK, GREGORY SMITH, :
NANCY VASQUEZ, and "JOHN DOE"#1-6, :
:
                Defendants :
------------------------------------------------------------x

       Plaintiffs, by their attorney, Eugene M. Bellin, complaining of the defendants, allege:

**NATURE OF THE ACTION**

       1. This is a civil rights action to redress the defendants' violation of the rights accorded to plaintiffs Rashiid Monroe and Jacquelyn Maples by the Civil Rights Act of 1871, 42 U.S.C. §1983, and by the Constitution of the United States, including the Fourth, Fifth and Fourteenth Amendments.

       2. Plaintiffs Rashiid Monroe and Jacquelyn Maples are citizens of the United States who reside in apartment 23N at 975 Sherman Avenue, Bronx, New York. Shortly after plaintiff Jacquelyn Maples left the apartment for work on October 20, 2008, defendants Gregory Smith, Nancy Vasquez and other New York City police officers forcibly entered the apartment without a search warrant, held plaintiff Rashiid Monroe prisoner at gunpoint, subjected plaintiff Rashiid Monroe to a strip search, searched the apartment, removed plaintiff Rashiid Monroe to a police van, then transported him to the 44th Precinct, where he continued to be imprisoned until he was released without being charged with any crime. The warrantless invasion and search of the plaintiffs' home and the arrest and strip search of plaintiff Rashiid Monroe were the result of policies and practices

adopted by defendant The City of New York (1) to forcibly enter and search residences without a search warrant, (2) to execute search warrants at the wrong premises, (3) to arrest individuals without probable cause to believe that they had committed a crime, and to subject individuals to unlawful strip searches. The defendants' actions were unlawful, and the plaintiffs bring this action seeking compensatory and punitive damages.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to the Constitution of the United States, 28 U.S.C. §§1331, 1343(3) and (4), and 42 U.S.C. §§1983 and 1988, in that this is an action seeking to redress the violation of the plaintiffs' constitutional and civil rights.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) in that all of the events which give rise to the claim occurred within the jurisdiction of the United States District Court for the Southern District of New York, defendants Gregory Smith and Nancy Vasquez can be found within the Southern District of New York, and defendant The City of New York is a municipal corporation located in the Southern District of New York which is subject to personal jurisdiction in the Southern District of New York.

## PARTIES

5. Plaintiff Rashiid Monroe is a citizen of the United States who resides in the County of Bronx, City and State of New York.

6. Plaintiff Jacquelyn Maples is a citizen of the United States who resides in the County of Bronx, City and State of New York.

7. Defendant The City of New York is, and at all times relevant herein was, a municipal corporation created under the laws of the State of New York.

8. At all times relevant herein, defendant The City of New York maintained a police department.

9. Defendant Gregory Smith is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

10. At all times relevant herein, defendant Gregory Smith was acting within the scope of his employment by defendant The City of New York.

11. Defendant Nancy Vasquez is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

12. At all times relevant herein, defendant Nancy Vasquez was acting within the scope of her employment by defendant The City of New York.

13. Defendants "John Doe" #1-6 are natural persons who, at all times relevant herein, were employed by defendant The City of New York as police officers.

14. At all times relevant herein, defendants "John Doe" #1-6 were acting within the scope of their employment by defendant The City of New York.

## STATEMENT OF CLAIMS

15. Plaintiffs incorporate by reference paragraphs 1 through 14 of this complaint as though the same were set forth fully herein.

16. On October 20, 2008, plaintiffs Rashiid Monroe and Jacquelyn Maples resided in apartment 23N at 975 Sherman Avenue, Bronx, New York.

17. On October 20, 2008, plaintiff Rashiid Monroe was present in his residence in apartment 23N at 975 Sherman Avenue, Bronx, New York.

18. On October 20, 2008, defendants Gregory Smith, Nancy Vasquez, and "John Doe" #1-6 forcibly entered the residence of plaintiffs Rashiid Monroe and Jacquelyn Maples at 975

Sherman Avenue, Bronx, New York while plaintiff Rashiid Monroe was present.

19. Upon entering the plaintiffs' apartment, one of the individual defendants directed plaintiff Rashiid Monroe to lie down on the floor.

20. After plaintiff Rashiid Monroe complied with the direction to lie down on the floor, one of the individual defendants handcuffed him.

21. One of the individual defendants took plaintiff Rashiid Monroe to the bedroom and conducted a strip search of plaintiff Rashiid Monroe.

22. Defendants Gregory Smith, Nancy Vasquez, and "John Doe" #1-6 conducted an extensive search of the plaintiffs' apartment.

23. During the time that the individual defendants were searching the plaintiffs' apartment, one of the individual defendants removed plaintiff Rashiid Monroe to a van, where he was held as a prisoner.

24. Plaintiff Rashiid Monroe was subsequently transported to the 44th Precinct, where he was imprisoned for a period of time.

25. The entry into and search of the residence plaintiffs Rashiid Monroe and Jacquelyn Maples by defendants Gregory Smith, Nancy Vasquez, and "John Doe" #1-6 into was without the permission of the plaintiffs.

26. On information and belief, the entry into and search of the residence of plaintiffs Rashiid Monroe and Jacquelyn Maples by defendants Gregory Smith, Nancy Vasquez, and "John Doe" #1-6 were made without a warrant or other legal process authorizing such entry and search.

27. Upon information and belief, the defendants were in possession of a search warrant for apartment 24N at 975 Sherman Avenue, Bronx, New York, but forcibly entered apartment 23N in error.

## COUNT ONE ON BEHALF OF RASHIID MONROE
### INVASION OF PLAINTIFF'S RESIDENCE UNDER 42 U.S.C. §1983

28. Plaintiffs incorporate by reference paragraphs 1 through 27 of this Complaint as though the same were set forth fully herein.

29. The forcible entry into and search of plaintiff Rashiid Monroe's residence by defendants Gregory Smith, Nancy Vasquez, and "John Doe" #1-6 deprived plaintiff Rashiid Monroe of his right to be secure in his person, house, papers and effects against unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States.

30. Defendants Gregory Smith, Nancy Vasquez, and "John Doe" #1-6 were acting under color of state law when they forcibly entered and searched the residence of plaintiff Rashiid Monroe without a search warrant.

31. Defendants Gregory Smith, Nancy Vasquez, and "John Doe" #1-6 deprived plaintiff Rashiid Monroe of his right to be secure in his person, house, papers and effects against unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by forcibly entering and searching plaintiff Rashiid Monroe's residence.

## COUNT TWO ON BEHALF OF RASHIID MONROE
### FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

32. Plaintiffs incorporate by reference paragraphs 1 through 31 of this Complaint as though the same were set forth fully herein.

33. The seizure, detention, arrest, and imprisonment of plaintiff Rashiid Monroe by defendants Gregory Smith, Nancy Vasquez, and "John Doe" #1-6 were made without any warrant or other legal process directing or authorizing his seizure, detention, arrest, or imprisonment.

34. The seizure, detention, arrest, and imprisonment of plaintiff Rashiid Monroe were made without probable cause to believe that he had committed a crime or offense.

35. The charge upon which defendants Gregory Smith, Nancy Vasquez, and "John Doe" #1-6 arrested plaintiff Rashiid Monroe was false.

36. The charge was made by defendants Gregory Smith, Nancy Vasquez, "John Doe" #1-6 against plaintiff Rashiid Monroe with knowledge that it was false.

37. Plaintiff Rashiid Monroe was aware of his seizure, detention, arrest and imprisonment by defendants Gregory Smith, Nancy Vasquez, and "John Doe" #1-6.

38. Plaintiff Rashiid Monroe did not consent to his seizure, detention, arrest or imprisonment.

39. As a result of the foregoing, plaintiff Rashiid Monroe was deprived of his liberty, was imprisoned, was greatly humiliated, was subjected to mental and physical distress, and was subjected to embarrassment and humiliation.

40. The seizure, detention, arrest and imprisonment of plaintiff Rashiid Monroe deprived him of his right to be free of unlawful searches and seizures and his right not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

41. Defendants Gregory Smith, Nancy Vasquez, and "John Doe" #1-6 were acting under color of state law when they seized, detained, arrested and imprisoned plaintiff Rashiid Monroe.

42. Defendants Gregory Smith, Nancy Vasquez, and "John Doe" #1-6 deprived plaintiff Rashiid Monroe of his rights to be free of unlawful searches and seizures and not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments

of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing, detaining, arresting and imprisoning plaintiff Rashiid Monroe on false criminal charges.

### COUNT THREE ON BEHALF OF RASHIID MONROE
### UNLAWFUL STRIP SEARCH UNDER 42 U.S.C. §1983

43. Plaintiffs incorporate by reference paragraphs 1 through 42 of this Complaint as though the same were set forth fully herein.

44. The strip search of plaintiff Rashiid Monroe was made without any warrant or other legal process directing or authorizing a search of his person.

45. The strip search of plaintiff Rashiid Monroe was made without any cause to believe that plaintiff Rashiid Monroe possessed any contraband on his person.

46. The strip search of plaintiff Rashiid Monroe deprived him of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States.

47. Defendants Gregory Smith, Nancy Vasquez, and "John Doe" #1-6 were acting under color of state law when they subjected plaintiff Rashiid Monroe to a strip search.

48. Defendants Gregory Smith, Nancy Vasquez, and "John Doe" #1-6 deprived plaintiff Rashiid Monroe of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by subjecting plaintiff Rashiid Monroe to a strip search.

### COUNT FOUR ON BEHALF OF RASHIID MONROE
### MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

49. Plaintiffs incorporate by reference paragraphs 1 through 46 of this Complaint as though the same were set forth fully herein.

50. The acts complained of were carried out by the individual defendants in their capacities as police officers and employees of defendant The City of New York, with all the actual and/or apparent authority attendant thereto.

51. The acts complained of were carried out by the individual defendants in their capacities as police officers pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

52. Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of entering residences without search warrants, in violation of the Fourth Amendment and the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

53. Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of executing search warrants at the wrong premises, in violation of the Fourth Amendment and the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

54. The aforesaid customs, policies, usages, practices, procedures, and rules of defendant The City of New York include, but are not limited to, the following:

> (a) Defendant The City of New York failed properly to train police officers in the requirements for and limitations of search warrants consistent with the requirements of the Fourth, and Fourteenth Amendments of the Constitution of the United States;
>
> (b) Defendant The City of New York failed properly to train police officers in the requirements for entry into a residence consistent with the Fourth Amendment of the Constitution of the United States;
>
> (c) Defendant The City of New York failed properly to supervise police officers during the performance of their duties, and more particularly during the execution

of search warrants;

(d) Defendant The City of New York failed properly to monitor forcible entries into residences to determine whether such entries were being made pursuant to valid search warrants consistent with the requirements of the Fourth and Fourteenth Amendments of the Constitution of the United States;

(e) Defendant The City of New York failed properly to monitor the execution of search warrants to determine that the warrants were being executed at the correct premises consistent with the requirements of the Fourth and Fourteenth Amendments of the Constitution of the Untied States;

(f) Defendant The City of New York failed to discipline police officers for forcibly entering residences without search warrants;

(g) Defendant The City of New York failed to discipline police officers for entering the wrong premises when executing search warrants;

(h) Although aware of numerous incidents of warrantless entries into residences by its police officers, defendant The City of New York failed to discipline police officers for such warrantless entries or to institute training and supervision of its police officers to prevent such warrantless entries into residences.

55. The failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

56. The forcible entry into and search of plaintiff Rashiid Monroe's residence and the seizure, detention, arrest and imprisonment of plaintiff Rashiid Monroe resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the requirements for entry into a residence and the execution of search warrants.

57. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of police officers entering residences without search warrants.

58. Defendant the City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of condoning police entry into the wrong premises when executing a search warrant.

59. Defendant The City of New York deprived plaintiff Rashiid Monroe of his rights to be free of unlawful searches and seizures and not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing policies, practices or customs of forcibly entering residences without search warrants and of entering the wrong premises when executing a search warrant.

**COUNT FIVE ON BEHALF OF RASHIID MONROE**
**MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983**

60. Plaintiffs incorporate by reference paragraphs 1 through 59 of this Complaint as though the same were set forth fully herein.

61. Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of strip searching individuals without search warrants, in violation of the Fourth Amendment and the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

62. Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of strip searching individuals without probable cause to believe that they were concealing contraband, in violation of the Fourth Amendment and the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

63. The aforesaid customs, policies, usages, practices, procedures, and rules of defendant The City of New York include, but are not limited to, the following:

(a) Defendant The City of New York failed properly to train police officers in the requirements for a strip search consistent with the requirements of the Fourth, and Fourteenth Amendments of the Constitution of the United States;

(b) Defendant The City of New York failed properly to supervise police officers during the performance of their duties, and more particularly during the performance of searches of individuals;

(c) Defendant The City of New York failed properly to monitor strip searches performed by its police officers to determine whether strip searches were being performed consistent with the requirements of the Fourth and Fourteenth Amendments of the Constitution of the United States;

(d) Despite numerous lawsuits and class actions brought against it as a result of illegal strip searches, defendant The City of New York failed to discipline police officers who conducted unlawful strip searches or to institute a training program to prevent such unlawful strip searches consistent with the requirements of the Fourth and Fourteenth Amendments of the Constitution of the Untied States.

64. The failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

65. The strip search of plaintiff Rashiid Monroe resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the requirements for and limitations on strip searches.

66. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of condoning unlawful stip searches of individuals by police officers.

67. Defendant The City of New York deprived plaintiff Rashiid Monroe of his rights to be free of unlawful searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of unlawful strip searches of individuals.

## COUNT SIX ON BEHALF OF RASHIID MONROE
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

68. Plaintiffs incorporate by reference paragraphs 1 through 67 of this Complaint as though the same were set forth fully herein.

69. Upon information and belief, at all times relevant herein, defendant The City of New York was aware from Notices of Claim, lawsuits, claims filed with the New York City Police Department and the Civilian Complaint Review Board, and from the New York City Police Department's own observations, that defendants Gregory Smith, Nancy Vasquez, and "John Doe" #1-6 are unfit, ill tempered police officers who have the propensity to commit the acts alleged herein.

70. Upon information and belief, defendant The City of New York failed adequately to investigate prior complaints against these officers.

71. Upon information and belief, defendant The City of New York failed to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights.

72. The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

73. The forcible entry into and search of plaintiff Rashiid Monroe's residence, and the arrest, strip search and imprisonment of plaintiff Rashiid Monroe resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the requirements for entry into a residence and the requirements for the arrest and strip search of individuals.

74. Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Rashiid Monroe would be violated.

75. Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals, and more particularly, the civil rights of plaintiff Rashiid Monroe.

76. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

77. Defendant The City of New York deprived plaintiff Rashiid Monroe of his rights to be free of unlawful searches and seizures and not bo be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public.

**COUNT SEVEN ON BEHALF OF JACQUELYN MAPLES**
**INVASION OF PLAINTIFF'S RESIDENCE UNDER 42 U.S.C. §1983**

78. Plaintiffs incorporate by reference paragraphs 1 through 77 of this Complaint as though the same were set forth fully herein.

79. The forcible entry into and search of plaintiff Jacquelyn Maple's residence by defendants Gregory Smith, Nancy Vasquez, and "John Doe" #1-6 deprived her of her right to be secure in her house, papers and effects against unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States.

80. Defendants Gregory Smith, Nancy Vasquez, and "John Doe" #1-6 were acting under color of state law when they forcibly entered and searched the residence of plaintiff Jacquelyn Maples without a search warrant.

81. Defendants Gregory Smith, Nancy Vasquez, and "John Doe" #1-6 deprived plaintiff Jacquelyn Maples of her right to be secure in her person, house, papers and effects against unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by forcibly entering and searching plaintiff Jacquelyn Maple's residence.

### COUNT EIGHT ON BEHALF OF JACQUELYN MAPLES
### MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

82. Plaintiffs incorporate by reference paragraphs 1 through 81 of this Complaint as though the same were set forth fully herein.

83. The forcible entry into and search of plaintiff Jacquelyn Maples' residence resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the requirements for entry into a residence and the execution of search warrants.

84. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of police officers entering residences without search warrants.

85. Defendant the City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of condoning police entry into the wrong premises when executing a search warrant.

86. Defendant The City of New York deprived plaintiff Jacquelyn Maples of her rights

to be free of unlawful searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing policies, practices or customs of forcibly entering residences without search warrants and of entering the wrong premises when executing a search warrant.

### COUNT NINE ON BEHALF OF JACQUELYN MAPLES
### MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

87. Plaintiffs incorporate by reference paragraphs 1 through 86 of this Complaint as though the same were set forth fully herein.

88. The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

89. The forcible entry into and search of plaintiff Jacquelyn Maples' residence resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the requirements for entry into a residence.

90. Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Jacquelyn Maples would be violated.

91. Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals, and more particularly, the civil rights of plaintiff Jacquelyn Maples.

92. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate

complaints against police officers for violating civil rights and to take appropriate remedial action.

93. Defendant The City of New York deprived plaintiff Jacquelyn Maples of her right to be free of unlawful searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs respectfully requests that this Court grant the following relief:

A. Award the plaintiffs compensatory damages to be determined by the jury at the time of trial;

B. Award the plaintiffs punitive damages to be determined by the jury at the time of trial;

C. Award the plaintiffs reasonable attorneys' fees and costs, including the fees and costs of experts, incurred in prosecuting this action; and

D. Grant such further relief as the Court deems necessary and proper.

## JURY TRIAL DEMANDED

The plaintiffs request a jury trial on all questions of fact raised by their Complaint.

Dated: New York, New York
October 19, 2011

EUGENE M. BELLIN

*Eugene M. Bellin*
Eugene M. Bellin (EB-0722)
Attorney for Plaintiff
233 Broadway - Suite 2201
New York, New York 10279
(212) 267-9100